**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUAN ACOSTA,  Plaintiff, vs. ADVANCED MANAGEMENT GROUP, *et al.*, Defendants. | Case No. 2:16-cv-01168-APG-GWF  **ORDER**  Application to Proceed *in Forma Pauperis* (ECF No. 1) |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on May 24, 2016.

**BACKGROUND**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his civil rights because they removed Plaintiff's daughter, Carmen Acosta, from his home and subsequently denied Plaintiff visitation with her. Plaintiff asserts that the Defendants who are Carmen's current guardians are not fit to care for her and pose an imminent risk of harm to her safety. Plaintiff claims that Defendants' actions have caused him severe emotional distress.

**DISCUSSION**

**I.    Application to Proceed *In Forma Pauperis***

The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I.*

*DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).  It is within the discretion of the court to deny a request to proceed *in forma pauperis* if an individual is unable or unwilling to verify his or her poverty and the court determines that the individual's allegation of poverty is untrue.  28 U.S.C. § 1915(e)(2); *see, e.g., Martin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").

Here, Plaintiff has requested to proceed in this case *in forma pauperis* and has submitted an affidavit as required by 28 U.S.C. § 1915(a) asserting that he is unable to prepay the fees and costs associated with bringing this action or give security for them.  He represents that he: (1) is not incarcerated; (2) has no take-home pay or wages and no sources of income for the past 12 months; (3) has no money in cash or bank accounts; and responds "N/A" or not applicable to the remaining questions inquiring into whether he owns anything of value (such as a car or real estate), whether he has any monthly expenses (such as housing or transportation), whether he has dependents, or whether he has any debt or other financial obligations.  *See IFP Application* (ECF No. 1).  These cursory statements do not allow the Court to verify Plaintiff's poverty allegation and determine whether Plaintiff is eligible to proceed *in forma pauperis*.  Therefore, the Court will deny Plaintiff's application without prejudice and instruct the Clerk of the Court to mail Plaintiff a copy of the long form application (AO 239).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* is **denied**, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall retain the Complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail Plaintiff a copy of the long form application to proceed *in forma pauperis* (AO 239).  Plaintiff will have until **March 19, 2017** to file the long form application to proceed *in forma pauperis*.  Alternatively, Plaintiff shall

pay the four hundred dollar ($400) filing fee accompanied by a copy of this Order, on or before **March 19, 2017**.  Failure to comply with the terms of this Order will result in a recommendation to the District Judge that this case be dismissed.

DATED this 17th day of February, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge